**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIN WILSON,

              Plaintiff-Appellant,

    v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

              Defendant-Appellee.

No.   16-36025

D.C. No. 1:15-cv-03173-JTR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
John T. Rodgers, Magistrate Judge, Presiding

Submitted December 28, 2018[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Erin Wilson appeals the district court's order affirming the Commissioner of

Social Security's denial of her application for supplemental security income under

Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

**I. Wilson's Testimony**

The ALJ did not err in discounting Wilson's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Wilson's statements. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ cited contradictory statements in Wilson's testimony, evidence that Wilson's reported daily activities conflicted with her claims of debilitating impairment, and contradictory medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ did not err in finding inconsistencies in Wilson's testimony concerning her ability to stand. Despite Wilson's argument that she did not include difficulty standing in her functional report because she did not develop this difficulty until May 2012—after she filled out the report—this explanation is inconsistent with other evidence the ALJ cited, such as her failure to mention any difficulty walking or standing during her hearing in October 2013 and notes from a doctor's appointment in April 2013 indicating Wilson "continued to stay active and wanted to do more exercise (e.g. yoga)." Thus, the ALJ's interpretation remains

supported by the record. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Wilson also takes issue with the ALJ finding it was inconsistent that Wilson testified about migraine headaches interfering with daily activities despite not alleging experiencing migraines in her functional report. Wilson contends the functional report inquires about functional limitations rather than a listing of impairments. However, the ALJ clarified that Wilson had denied any issues with concentration or concentration-related activities in the report. Therefore, the ALJ's finding that Wilson's subsequent testimony concerning migraines was inconsistent with her earlier lack of reported functional limitations due to migraines was rational and supported by the record. *See id.*

Wilson's contentions that the ALJ erred in finding inconsistencies in Wilson's reported daily activities also lack merit. The ALJ cited inconsistencies between Wilson's claims of debilitating impairment and evidence such as Wilson's testimony that she cared for her daughter, had helped clean out an apartment that had caught on fire, and conducted research on the Internet. Wilson proffers alternative interpretations of the record that would reconcile these inconsistencies. We uphold the ALJ's decision because the ALJ offered a reasonable interpretation of the record, even if the evidence lends itself to more than one rational

interpretation. *See Revels*, 874 F.3d at 654; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).

Wilson also argues that, despite the ALJ's statement that Wilson had previously denied other mental functional problems besides her avoidance of crowds, she consistently reported her anxiety symptoms. Consistent with the ALJ's statement, Wilson indicated in her functional report that crowds caused her anxiety, but her conditions did not affect her memory or ability to complete tasks, concentrate, understand, or follow instructions. It is not entirely clear what inconsistency the ALJ intended to highlight with the subsequent statement that Wilson testified about experiencing extreme anxiety walking through a grocery store. Nevertheless, the ALJ's initial observation that Wilson denied other mental functional problems besides crowd-related anxiety, despite her claims of debilitating impairment, remains valid. Even if this portion of the ruling is not a model of clarity, the ALJ's "path may reasonably be discerned," and so the court will still defer to the ALJ's decision. *See Molina*, 674 F.3d at 1121 (citing *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)).

Any error in the ALJ's reasoning that Wilson was motivated to apply for disability benefits for reasons unrelated to her medical impairments was harmless. The ALJ's statements lack substantial support in the record, but the ALJ's other

reasons for affording Wilson's testimony less weight remain "adequately supported by substantial evidence in the record," rendering any error harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *cf. Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

**II. Treating Physician Dr. Harvey's Opinions**

The ALJ did not commit harmful error by discounting the opinion of treating physician Dr. Harvey. Wilson' s contention that the ALJ erred by discounting Dr. Harvey's opinion concerning Wilson's mental health symptoms because Dr. Harvey is not a psychiatric care provider lacks merit. While Wilson's mental and physical health issues may be interconnected, the ALJ reasonably found Dr. Harvey's opinions concerning Wilson's mental health conflicted with that of her treating psychiatrist. The ALJ acted in accordance with the agency's regulations advising ALJs to accord more weight "to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citation omitted).

Wilson's objection to the ALJ finding inconsistencies between the opinions of Dr. Harvey and treating psychologist Dr. Strosahl amounts to advocating for an alternative interpretation of the medical evidence. Although portions of these doctors' opinions may align, Wilson has not shown the ALJ's examples of conflict

5

in these opinions lack substantial evidentiary support. The ALJ fulfilled her responsibility to resolve conflicts in the medical evidence, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008), and the court will uphold the ALJ's rational interpretation of the evidence, *see Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Wilson also takes issue with the ALJ's rationale that Dr. Harvey's recommendation that Wilson undergo an independent medical exam signaled she lacked confidence in her assessment. Again, in support of her argument, Wilson presents an alternative to the ALJ's interpretation of the record supported by substantial evidence, and the court will not disturb the ALJ's rational interpretation. *See Ryan*, F.3d at 1198.

Wilson argues the ALJ erred by finding it was inconsistent for Dr. Harvey to opine that Wilson was able to lift up to ten pounds, and also opine that Wilson could not perform any work activity. This argument has merit. However, because the ALJ provided other legally valid reasons for rejecting Dr. Harvey's opinion, this error was "inconsequential to the ultimate nondisability determination," and therefore harmless. *See Molina*, 674 F.3d at 1115.

While the ALJ's statement that Dr. Harvey was attempting to act as an advocate for Wilson lacks support in the record, the ALJ's underlying reasoning

6

that Dr. Harvey's opinion depended on Wilson's self-reports—including that Wilson's limitations dated from 1987—is valid. It is not contested that Wilson suffered a shoulder injury in 1987, but Dr. Harvey could not know with certainty this injury immediately disabled Wilson. This court has upheld an ALJ's rejection of a physician's opinion concerning a disability onset date where the date transpired long before the physician treated or examined the patient. *See Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989).

**III. Treating Psychologist Dr. Strosahl's Opinions**

The ALJ also did not commit harmful error by discounting treating psychologist Dr. Strosahl's opinions. Wilson argues the ALJ erred by finding Wilson's denial of memory and concentration problems conflicted with Dr. Strosahl's evaluation. She also contends the ALJ erred by disregarding contrary evidence when finding the limitations Dr. Strosahl assessed did not align with his treatment notes. Wilson again asks the court to reweigh the evidence. The ALJ is the "final arbiter" concerning ambiguous and conflicting medical evidence, *Tommasetti*, 533 F.3d at 1041–42, and the court upholds the ALJ's rational interpretation of the record, *see Ryan*, 528 F.3d at 1198.

The ALJ's statement that Wilson may have exaggerated her mental health symptoms lacks evidentiary support, but the conflicting medical testimony the ALJ

7

cited, such as the examination results from other clinicians who did not find Wilson had any significant cognitive difficulties, still provides legally valid grounds for discounting Dr. Strosahl's opinion. *See Tommasetti*, 533 F.3d at 1041-42; *Ryan*, 528 F.3d at 1198.

Last, although Wilson argues the ALJ erred by discounting Dr. Strosahl's opinions because they were based on Wilson's unreliable subjective reports, the ALJ reasonably concluded that because Dr. Strosahl specializes in mental health, rather than physical health, he must have relied on Wilson's reports of her physical symptoms when forming the opinion that she was markedly limited in certain mental functional areas due at least in part to physical pain. Because ALJs may discount medical opinions based upon a claimant's self-reports that have also been properly discounted, the ALJ did not err. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2004).

**AFFIRMED.**